UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

NORMA DANIELLA MARTINEZ
GARCIA (A# 241-078-382),

Petitioner,

v.

WARDEN,

Respondent.

No.  1:26-cv-02239 DC SCR

FINDINGS & RECOMMENDATIONS

Petitioner is a federal immigration detainee proceeding pro se with a petitioner for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2241.  This action was referred to the undersigned by operation of Local Rule 302 and 28 U.S.C. § 636(b)(1).

I.      Factual and Procedural Background

Petitioner is a citizen and national of Mexico who is currently detained in the California City Immigration Detention Facility, within this judicial district.  ECF No. 1 at 2.  Petitioner entered the United States without inspection on February 16, 2006.  ECF No. 6-1 at 3.

On July 9, 2024, petitioner was arrested and charged with second degree felony robbery in violation of Texas Penal Code § 29.02.[1]  ECF No. 6-4 at 5.  According to immigration records,

---

[1]  The undersigned grants the request to take judicial notice of exhibits from petitioner's criminal proceedings in Dallas County (Texas) Criminal District Court.  See Fed. R. Evid. 201 (court may take judicial notice of facts that are capable of accurate determination by sources whose accuracy cannot reasonably be questioned); Harris v. County of Orange, 682 F.3d 1126, 1131-32 (9th Cir.

1

petitioner received a notice to appear ("NTA") on July 12, 2024, charging her as inadmissible under 8 U.S.C. § 1182(a)(6)(A)(i) (a noncitizen "present in the United States without being admitted or paroled"). ECF No. 6-2 at 1. Respondent acknowledges petitioner was subsequently granted supervised release in the discretion of DHS, ECF No. 6 at 2, but the circumstances or conditions of that release are not apparent from the record.

About a year later, on July 15, 2025, petitioner pleaded no contest to the lesser charge of misdemeanor assault causing bodily injury, in violation of Texas Penal Code § 22.01(a)(1). ECF No. 6-5 at 2. Petitioner was placed on community supervision for one year. Id. at 10. Immigration and Customs Enforcement (ICE) agents detained petitioner on November 14, 2025, after she reported to her appointment at the Denton (Texas) County probation office. ECF No. 6-1 at 2. The Form I-213 reflects that ICE agents informed petitioner they had a warrant for her arrest for "being illegally present in the U.S." Id.

Petitioner filed the instant § 2241 petition on March 23, 2026, alleging that her continued detention without a bond hearing violates the Due Process Clause of the Fifth Amendment. ECF No. 1 at 16-17. Petitioner explains that she resides with and cares for her sons, including one who has special needs, and has a pending I-130 "petition for alien relative." ECF No. 1 at 5-6. She seeks her immediate release or, in the alternative, a bond hearing in which respondent bears the burden of showing, by clear and convincing evidence, that she is a danger or flight risk. Id. at 17.

Respondent opposes the petition and asserts petitioner is an "applicant for admission" subject to mandatory detention under 8 U.S.C. § 1225(b)(2). ECF No. 6 at 2. Respondent argues that "Petitioner's prior release in the discretion of DHS does not have the effect of having converted Petitioner's presence in the United States into an 'admission.'" Id. Respondent further argues that revocation of petitioner's prior release on her own recognizance was appropriate due to her July 2025 misdemeanor plea. Id. at 3.

////

2012) (a court may take judicial notice of undisputed matters of public record including documents on file in federal or state courts). The Court takes judicial notice only of the fact that petitioner was arrested for particular charges before those charges were dismissed, and not for the truth of the assertions in the documents.

2

## II.    Legal Standards

### A.  Jurisdiction

The federal habeas statute confers subject matter jurisdiction over challenges to any individual's confinement "in violation of the Constitution or laws or treaties of the United States[.]" 28 U.S.C. § 2241(c)(3).  This case presents both statutory and constitutional challenges to petitioner's ongoing immigration detention.  This court has jurisdiction.

### B.  Due Process Clause

The Due Process Clause protects persons in the United States from being deprived of life, liberty, or property without due process of law. U.S. Const. amend. V.  The Supreme Court has concluded that "the Due Process Clause applies to all 'persons' within the United States, including [non-citizens], whether their presence here is lawful, unlawful, temporary, or permanent." Zadvydas v. Davis, 533 U.S. 678, 693 (2001).  Courts examine procedural due process claims in two steps: the first step is determining whether there exists a protected liberty interest under the Due Process Clause.  The second step examines the procedures necessary to ensure any deprivation of that protected liberty interest accords with the Constitution.  See Kentucky Dep't of Corrections v. Thompson, 490 U.S. 454, 460 (1989); Morrissey v. Brewer, 408 U.S. 471, 481 (1972) ("Once it is determined that due process applies, the question remains what process is due.").

## III.    Discussion

### A.  Applicable Detention Statute

The statutory and regulatory framework governing immigration detention is complex. "Where a [noncitizen] falls within this statutory scheme can affect whether his detention is mandatory or discretionary, as well as the kind of review process available to him if he wishes to contest the necessity of his detention." Prieto-Romero v. Clark, 534 F.3d 1053, 1057 (9th Cir. 2008).

Respondent acknowledges in opposition that the "factual and legal issues present here are not substantively distinguishable" from Maciel v. Noem, No. 1:26-cv-1318 DC CKD, 2026 WL 496948 (E.D. Cal. Feb. 23, 2026).  ECF No. 6 at 3.  Maciel concerned a noncitizen who, like

petitioner, resided in the United States for about twenty years before his detention and whom immigration officials similarly charged as having entered the United States without inspection in violation of 8 U.S.C. § 1182(a)(6)(A)(i).  Maciel, 2026 WL 496948, at *1.  After a thorough examination of the statutory scheme, District Judge Coggins adopted the "majority view, which rejects the government's new interpretation of section 1225 as the applicable immigration detention authority for all inadmissible noncitizens," and determined the governing statute in such cases is 8 U.S.C. § 1226(a).  Id. at *3-*4.  As respondent here offers the same minority-view arguments put forth in Maciel,[2] the undersigned follows Judge Coggin's reasoning and concludes that petitioner is subject to the discretionary detention scheme set forth in § 1226(a), not the mandatory detention provisions in § 1225(b)(2).

In Maciel, Judge Coggins granted petitioner's motion for temporary restraining order and ordered his immediate release pursuant to the INA, not the Due Process Clause.  However, Judge Coggins has previously held that because noncitizens acquire a protected liberty interest in their supervised release under § 1226(a), due process requires that they receive a bond hearing prior to re-detention.  See Labrador-Prato v. Noem, No. 1:25-cv-1598 DC SCR (HC), --- F. Supp. 3d. ----, 2025 WL 3458802, at *4-*5 (E.D. Cal. Dec. 2, 2025); Tinoco v. Noem, No. 1:25-cv-1762 DC JDP (HC), --- F. Supp. 3d ----, 2025 WL 3567862, at *5-*7 (E.D. Cal. Dec. 14, 2025).  The undersigned finds petitioner's due process claim here materially indistinguishable from those in Labrador-Prato and Tinoco and concludes that her re-detention in November 2025 (after ICE released her in 2024) without a pre-deprivation hearing violated the Due Process Clause.  Respondent's argument to the contrary that petitioner's plea to misdemeanor assault warrants the revocation of her release is unconvincing because it is undisputed that petitioner did not receive a notice or opportunity to be heard prior to her current detention.  This also appears to be a *post hoc* justification given that nowhere in the immigration record do officials cite her plea deal as the basis for her detention.

---

[2]  The undersigned declines to credit respondent's reliance on Buenrostro-Mendez v. Bondi, No. 25-20496, 2026 WL 323330 (5th Cir. Feb. 6, 2026), and Avila v. Bondi, No. 25-3248, 2026 WL 819258 (8th Cir. Mar. 25, 2026) for the reasons explained in De La Paz Salazar, et al. v. Noem, No. 1:26-cv-0899 DC SCR, 2026 WL 915128, at *4 (E.D. Cal. Apr. 3, 2026).

Accordingly, the undersigned recommends that the § 2241 be granted on its sole due process claim. The undersigned further recommends that respondent be ordered to immediately release petitioner and be restrained from re-detaining her without a pre-deprivation hearing in which respondent bears the burden of proving petitioner is a danger or flight risk.[3] See Maciel, 2026 WL 496948, at *5 n.5 (explaining that the "government bears this burden where the noncitizen had previously been released from ICE detention, and therefore ICE had previously determined that the petitioner was neither a flight risk nor a risk to community safety") (citing Labrador-Prato, 2025 WL 3458802, and Tinoco, 2025 WL 3567862).

**CONCLUSION**

Accordingly, IT IS HEREBY ORDERED that Petitioner Norma Daniella Martinez Garcia's (A# 241-078-382) motion to appoint counsel (ECF No. 2) is DENIED as moot.

In addition, IT IS HEREBY RECOMMENDED that:

1.      Petitioner Norma Daniella Martinez Garcia's (A# 241-078-382) application for a writ of habeas corpus (ECF No. 1) be granted on its sole due process claim.

2.      Petitioner be released immediately from respondent's custody on the same conditions she was subject to prior to her re-detention.

3.      At the time of release, respondent be required to return all of petitioner's documents and possessions.

4.      If the government seeks to re-detain petitioner, it must provide no less than 7 days'

---

[3] The undersigned does not address whether petitioner's July 2024 arrest for burglary subjects her to mandatory detention under 8 U.S.C. § 1226(c)(1)(E), as amended by the Laken Riley Act ("LRA"), because respondent does not raise it. See Lepe v. Andrews, 801 F. Supp. 3d 1104, 1119 (E.D. Cal. 2025) (ordering petitioner's immediate release where the government did not "assert any other basis for petitioner's detention [other than § 1225(b)(2)] and does not argue that petitioner presents a flight risk or danger"); Maciel, 2026 WL 496948, at *5 (same). Even if respondent had raised such arguments, the undersigned has found that the LRA, which Congress enacted in January 2025 and uses the phases "is charged with, is arrested for, is convicted of, admits having committed, or admits committing acts which constitute the essential elements of any burglary . . . offense[,]" 8 U.S.C. § 1226(c)(1)(E), does not apply retroactively to a 2024 arrest. See Singh v. Noem, No. 1:26-cv-1160 DC SCR, 2026 WL 523216, at *2 (E.D. Cal. Feb. 24, 2026) (finding that "the use of the present tense in [§ 1226(c)(1)(E)] further suggests that it was not meant to be applied to charges, arrests, or convictions that occurred prior to enactment of the statute.").

5

notice to petitioner and must hold a pre-deprivation bond hearing, where it bears the burden of proof, before a neutral arbiter at which petitioner's eligibility for bond must be considered.

5.   Respondents be directed to file a notice of compliance with the provisions of any order entered in this case.

6.   Any order adopting these findings and recommendations contain the following language: "Respondents are not enjoined and restrained from detaining Petitioner to execute her final order of removal if one is issued and the Petitioner receives notice before the government executes the final order of removal.  In such an event, Respondents may detain Petitioner for the sole and limited purpose of executing the final order of removal. However, Petitioner is not precluded from seeking relief in a new habeas action concerning any such detention."

7.   The Clerk of Court be directed to:

a.   Serve the California City Immigration Detention Facility with a copy of any Order adopting these findings and recommendations; and

b.   Enter judgment for petitioner and to close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within **seven days** after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  The undersigned finds that a shortened objection period is warranted in this case given the nature of the relief at issue as well as the fact that the parties have had sufficient time to submit all of their arguments in written briefs.  See United States v. Barney, 568 F.2d 134, 136 (9th Cir. 1978) (per curiam) (stating that 28 U.S.C. § 636(b)(1) sets the maximum objection period and not the minimum); see also Local Rule 304(b).  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: April 15, 2026

SEAN C. RIORDAN
UNITED STATES MAGISTRATE JUDGE

6