UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

NORMA DANIELLA MARTINEZ
GARCIA (A# 241-078-382),

        Petitioner,

    v.

WARDEN,

        Respondent.

No.  1:26-cv-02239-DC-SCR (HC)


ORDER ADOPTING FINDINGS AND
RECOMMENDATIONS

(ECF No. 9)

Petitioner is a federal immigration detainee who filed this habeas corpus action pursuant to 28 U.S.C. § 2241.  The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On April 16, 2023, the magistrate judge filed findings and recommendations herein which were served on all parties and contained notice that any objections to the findings and recommendations were to be filed within seven days.  ECF No. 9.  Respondent filed an objection to the findings and recommendations that stated their opposition to affording relief "[f]or the reasons set forth in Respondent's April 2, 2026 briefing . . .."  ECF No. 10.  However, those arguments were addressed and rejected by the magistrate judge in this case and by the undersigned in other cases.  Specifically, the undersigned has found that the Due Process Clause requires that, in order for the government to re-detain a noncitizen who has been previously released on bond or conditional parole under 8 U.S.C. § 1226(a), or humanitarian parole under 8

1

U.S.C. § 1182(d)(5), the government must provide a pre-deprivation bond hearing before a neutral arbiter at which the noncitizen's eligibility for bond must be considered. *See Selis Tinoco v. Noem*, 1:25-cv-01762-DC-JDP, 2025 WL 3567862 (E.D. Cal. Dec. 14, 2025) (granting motion for temporary restraining order and immediate release of the petitioner based on his likelihood of success on the merits of his due process claim); *Labrador-Prato v. Noem*, 1:25-cv-01598-DC-SCR, 2025 WL 3458802 (E.D. Cal. Dec. 2, 2025) (same); *D.L.C. v. Wofford*, 1:25-cv-01996-DC-JDP, 2026 WL 25511 (E.D. Cal. Jan. 5, 2026) (same); *Altin v. Chestnut*, No. 1:26-cv-00792-DC-CSK, Doc. No. 8 (E.D. Cal. Feb. 5, 2026) (granting motion for temporary restraining order and habeas petition as to the petitioner's due process claim). Thus, Respondent's objections do not provide a basis upon which to reject the findings and recommendations.

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 304, this Court has conducted a de novo review of this case. Having carefully reviewed the entire file, the Court finds the findings and recommendations to be supported by the record and by proper analysis.

Accordingly, IT IS HEREBY ORDERED that:

1. The findings and recommendations (ECF No. 9) are ADOPTED in full;

2. Petitioner's (A# 241-078-382) application for a writ of habeas corpus (ECF No. 1) is GRANTED;

3. Respondent shall immediately release Petitioner from custody on the same conditions she was subject to prior to her re-detention;

4. At the time of release, Respondent must return all of Petitioner's documents and possessions to Petitioner;

5. If the government seeks to re-detain Petitioner, it must provide no less than seven (7) days' notice to Petitioner and must hold a pre-deprivation bond hearing before a neutral arbiter, at which Petitioner's eligibility for bond must be considered;

6. Respondent is further directed to file a notice certifying compliance with the above provision within seven (7) days from the date of this order;

7. This order does not address the circumstances in which the government may detain

Petitioner in the event Petitioner becomes subject to an executable final order of removal and Petitioner receives notice of that final order of removal; and

        8.     The Clerk of Court is directed to:

          a.  Serve the California City Immigration Detention Facility with a copy of this order; and

          b.  Enter judgment for Petitioner and close this case.

IT IS SO ORDERED.

Dated:    **April 25, 2026**

Dena Coggins
United States District Judge

3